# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1679
_____

United States of America

*Plaintiff - Appellee*

v.

Darron D. Ross-Garner

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 23, 2022
Filed: September 28, 2022
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

In October 2018, Darron Ross-Garner pleaded guilty to being a felon in possession of a firearm and was sentenced to 46 months imprisonment. He commenced a three-year term of supervised release in July 2021. He now appeals the

the district court's[1] February 2022 supervised release revocation sentence -- 11 months in prison followed by an additional 18 months of supervised release. He argues that the district court erred by relying on a disputed allegation that he had assaulted his girlfriend, and by mistaking his prior arrests for domestic assaults as actual convictions.

Upon careful review, we reject this contention because it does not accurately describe the district court's decision. The Probation Office's Violation Report alleged that Ross-Garner committed four supervised release violations. At the revocation hearing, he stipulated to violating three standard conditions of supervised release -- not truthfully answering probation officer questions, not timely notifying the probation officer of a change in his approved living place, and not satisfying the work requirement condition. The advisory guidelines range for the three Class C admitted violations and Ross-Garner's Category V criminal history is 7-13 months imprisonment.

Ross-Garner objected to the fourth alleged violation, the new law offense of assaulting his girlfriend. In the ensuing discussion of this contested violation, the district court stated, relying on Ross-Garner's January 30, 2019 post-conviction PSR:

> Well, there is a common denominator in this domestic violence that is not [the fourth violation accuser] making false allegations: it's with the mother of his children. . . . This is one of the . . . longer domestic violence criminal histories . . . that I see. You're the common denominator. For some reason you can't keep women from claiming

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

you're beating on them. And I'm not going to tolerate it while you're on supervision.[2]

Based on the advisory range for the three stipulated violations, the district court imposed a within-range 11 month revocation sentence. The Judgment in a Criminal Case states that Ross-Garner "is adjudicated guilty" of the three standard condition violations he admitted, quoting those conditions in their entirety, and then states: "The defendant denied violating the mandatory condition . . . reflected in the Violation Report . . . the Government did not object, therefore, the defendant is discharged as to such violation[] condition in this matter." Thus, the record plainly refutes Ross-Garner's contention that the district court "erred by relying on a disputed allegation that he had assaulted his girlfriend." Without question, the court did not abuse its discretion in taking into account the PSR's factual recounting of his domestic violence criminal history, to which Ross-Garner did not object, or in imposing a within range revocation sentence.

Accordingly, we affirm.

_____

---

[2]Paragraph 88 of the PSR stated: "It is noted that the defendant was arrested and charged with assault/inflicting injury on six occasions between 2008 and 2017. One assault also involved endangering the welfare of a child . . . . all of the victims were females with whom the defendant was romantically involved."